21-6368-ag
Gurung v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

GOVINDA GURUNG,

*Petitioner*,

v.                                                                              No. 21-6368-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

-----------------------------------------------------------------

FOR PETITIONER: Dilli Raj Bhatta, Bhatta Law & Associates, New York, NY

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Govinda Gurung, a native and citizen of Nepal, seeks review of a May 27, 2021 decision of the BIA affirming a June 27, 2018 decision of an Immigration Judge (IJ), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards

2

of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

The agency found that Gurung was persecuted when Maoists assaulted him in 2005 for his political opinion.  When the agency has found past persecution, an applicant for asylum or withholding of removal has a rebuttable presumption of a well-founded fear of future persecution based on the original claim.  8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i).[1]  The presumption may be rebutted if the Government demonstrates that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so."  *Id.* § 1208.13(b)(1)(i); *see also id.* § 1208.16(b)(1)(i)(B).

The record supports the agency's conclusion that Gurung could avoid future persecution by relocating within Nepal and that he had, in fact, done so. After being beaten by Maoists in his home village in 2005, Gurung relocated to

---

[1] All citations refer to the regulations in place at the time of Gurung's proceedings.

Pokhara for about eight years, and then to Kathmandu for more than two years, without experiencing any physical harm in those places. Gurung testified that he continued receiving threatening phone calls during this period. The IJ found that on one occasion in November 2013, Gurung "was in Pokhara when he ran into Maoists he recognized from his local area. They threatened him verbally but did not physically harm him." Certified Admin. R. 103. The agency did not err in finding that those threats fell short of persecution. The threats occurred years after the physical harm Gurung suffered in his hometown, and there was scant evidence that Gurung's abusers intended to carry out their threats. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)). The fact that Gurung's family in Pokhara has not been harmed by the Maoists in the intervening time further undercuts his claim that he fears future persecution. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Although Gurung asserted that he was in hiding while in Kathmandu, the agency reasonably disagreed. As the IJ explained, Gurung worked in a hotel—a place open to the public and used by travelers. *See Siewe v. Gonzales*, 480 F.3d

4

160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (quotation marks omitted)).   The fact that Gurung continued working there for over two years without facing harm weighs against his contention that his abusers would harm him if he returned.

Gurung also testified that he discontinued his political activities when he lived in Kathmandu, but the record does not compel the conclusion that doing so was necessary to avoid persecution.   *See* 8 U.S.C. § 1252(b)(4)(B).   The country conditions evidence supports the agency's finding that relocation was possible. That evidence, including a report from the United States Department of State, was consistent with the agency's finding that periodic political violence in Nepal was attributable to Maoist splinter groups rather than the national political party, and that the Nepali government had made efforts to control these groups.   The evidence supports a finding that political violence in Nepal had sufficiently decreased and was so localized that Gurung could express his political opinion without harm, at least outside the immediate vicinity of the village and nearby rural areas where he had drawn the attention of local Maoists.

For these reasons, the agency reasonably concluded that the Government

5

rebutted the presumption that Gurung has a well-founded fear or likelihood of persecution as required for asylum and withholding of removal by showing that he could safely and reasonably relocate within Nepal. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i), (ii); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). The agency's conclusion was also dispositive of CAT relief because it prevented Gurung from establishing the requisite likelihood of torture.[2] *See* 8 C.F.R. § 1208.16(c)(3); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that where the record does not demonstrate the likelihood of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for CAT relief).

---

[2] Because the agency's finding that Gurung could safely and reasonably relocate is dispositive of all his claims for relief, we do not need to address the agency's conclusions that there has been a "fundamental change in circumstances" in Nepal or that Gurung waived his CAT claim. 8 C.F.R. § 1208.13(b)(1)(i)(A); *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**CONCLUSION**

We have considered Gurung's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the petition for review is DENIED, and all pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Cathrine O'Hagan Wolfe, Clerk of Court